**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

NELLY OCASIO-OCASIO, et al.

    Plaintiffs

           v.

JESUS MANUEL GUADALUPE-
HERNANDEZ, et al.

    Defendants

**Civil No.** 09-1982

**OPINION & ORDER**

Pending before this Court is a Motion to Dismiss (Docket # 5) filed by Co-defendants, Jesus Manuel Guadelupe-Hernandez ("Guadelupe"), Hogar Geobel Inc. ("Hogar Geobel"), and Universal Insurance Company ("Universal") (collectively, "Defendants"). Plaintiff has also filed a reply in opposition thereto. Docket # 6. After reviewing the filings, and the applicable law, Defendants' Motion to Dismiss is **DENIED**.

**Factual Background**

In 2003, Eduardo Flores-Garcia ("Flores") fell to his death while working at a construction project in a building owned by Guadalupe, and operated by Hogar Geobel. Nelly Ocasio ("Ocasio"), wife of the deceased, has brought the present diversity action in her own capacity, and also representing her minor children (collectively, "Plaintiffs"). Plaintiffs allege that Defendants' negligence contributed to Flores' death, "in particular by failing to provide [him] with adequate safety clothing, belts and hard hat; by not providing his work place with guardrails or safety nets or warning wires and by not adequately training him to deal with the hazards to which he was being exposed." Docket # 1 at 3-4.

This case is the sequel to a controversy first brought before this district's attention in Ocasio-Ocasio v. Hogar Geobel Inc., Civ. No. 06-2041 (D.P.R. 2009), and decided by Judge Dominguez. On November 25, 2009, Judge Dominguez granted Defendants' motion for

**CIVIL NO. 09-1982 (SEC)**                                                                                           **Page 2**

summary judgment, adopting the Magistrate's Report and Recommendation. Id. Docket # 49. Judgment was entered the same day, dismissing the case without prejudice. Id. Docket # 50. However, the Opinion and Order dismissing the case, allowed Plaintiffs sixty (60) days "to attempt to reopen the instant case by showing good cause as to why the instant case should be reopened and why leave should be granted to file an Amended Complaint." Id. Docket # 49 at 11.

On November 11, 2008, Plaintiffs then filed a Motion to Reopen Case and for Leave to Amend Complaint, (id. at Docket # 51), which Defendants opposed three days later. Docket # 52. After reviewing the filings, the court denied Plaintiffs' motion, thus, refusing to reopen the proceedings, or allow for amended pleadings. No further judgments or orders were emitted in Civ. No. 06-2041, either clarifying that the original dismissal remained without prejudice, or amending the judgment to dismiss with prejudice. One month later, Plaintiffs filed the present action to which Defendants swiftly responded with the instant Motion to Dismiss. Defendants' main contention is that Judge Dominguez's refusal to reopen Civ. No. 06-2041 converted the judgment to one with prejudice, thereby precluding the present action through *res judicata*. However, said Motion also avers that claims against Guadalupe and Universal are time-barred. These averments will be duly analyzed.

**Standard of Review**

It is well known that, "the general rules of pleading require 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Gargano v. Liberty Int'l Underwriters, 572 F.3d 45, 49 (1st Cir. 2009) (Fed. R. Civ. P. 8(a)(2)). The purpose of this is to give a defendant fair notice of the claims against him and their grounds. Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Therefore, "even under the liberal pleading standards of FED. R. CIV. P. 8, the Supreme Court has recently

**CIVIL NO. 09-1982 (SEC)**                                                                                           **Page 3**

held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007) (citing Twombly, 127 S. Ct. at 1965). Although complaints do not need detailed factual allegations, the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Twombly, 127 S. Ct. At 1965; see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

A plaintiff's obligation to "provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. At 1965. That is, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." Parker v. Hurley, 514 F. 3d 87, 95 (1st Cir. 2008). Of course, this Court need not give credence to ". . .conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009) (citing Ashcroft v. Igbal, 129 S. Ct. 1937, 1960, 173 L. Ed. 2d 868 (2009)); see also  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at1949.

**Applicable Law & Analysis**

Defendants bring two issues they contend are each independently sufficient to warrant dismissal with prejudice of Plaintiffs' claims, which arise under Articles 1802 and 1802 of the Civil Code of Puerto Rico. P.R. Laws Ann. tit 31, § 51441. Principally, Defendants rely on the denial of the motion to reopen Civ. No. 06-2041 to aver that the present lawsuit is barred by *res judicata*. However, the motion also develops a secondary line of argumentation that the present

**CIVIL NO. 09-1982 (SEC)**                                                                                           **Page 4**

suit is time-barred under Puerto Rico tort law's one-year statute of limitations. While neither argument is ultimately convincing, they will both be discussed in turn.

*Res Judicata*

Defendants assert that Judge Dominguez's denial of Plaintiffs' motion to reopen Civ. No. 06-2041 for lack of good cause, ". . . had the practical effect of adjudicating the case on its merits, precluding [P]laintiffs from filing another suit against defendants." Docket # 5 at 7. They further contend that, "[P]laintiffs are trying to circumvent the Honorable Court's determination of not reopening the case when they knew or should have known the proper way to question the court's decision." While not phrased as such, a *res judicata*, or claim preclusion, argument clearly underlies Defendants' motion. See, e.g., Barreto-Rosa v. Varona-Mendez, 470 F.3d 42, 45 (1st Cir. 2006). The requirements for *res judicata* in the First Circuit are:

> (1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient indenticality between the parties in the two actions.

Brenman v. U.S. ex rel. F.A.A., 381 F.3d 33 (1st Cir. 2004)(citing Banco Santander de P.R. v. Lopez-Stubbe (*In re* Colonial Mortgage Bankers Corp.), 324 F.3d 12, 15, (1st Cir. 2003)(internal citations omitted.). The present case would satisfy these requirements had the previous judgment been with prejudice. In effect, this is a second turn at bat for Plaintiffs, but Defendants exposed themselves to the same by not requesting an amended judgment, or appealing the original dismissal without prejudice. See Angel Medina v. The Chase Manhattan Bank, 737 F.2d 140 (1st Cir. 1984).

Applicable case law leaves not doubt as to the fact that Civ. No. 06-2041 was dismissed without prejudice. The First Circuit has reiterated that the plain language of FED.R.CIV.P. 58(a)(1), that "'every judgment shall be set forth in a separate document' and that '[a] judgment is only effective when so set forth.'" Puerto Rico Aqueduct & Sewer Auth. v. Constructora

**CIVIL NO. 09-1982 (SEC)** **Page 5**

Lluch, Inc., 169 F.3d 68, 74 (1st Cir. 1999)(citing Fiore v. Washington Cty. Com. Mental Health Ctr., 960 F.3d 229, 233 (1st Cir. 1992); see also Credit Francais Int'l, S.A. v. Bio-Vita, Ltd., 78 F.3d 698, 704 n. 12 (1st Cir. 1996). Said rule is also applied to "all final orders denying and granting post-judgment motions under Rules 50(b), 59(b), 59(e), and 60(b)." Id. (mentioning Fiore, 960 F.2d at 232-33). It is unclear whether FED. R. CIV. P. 59(e) or 60(b), governed the post-judgment proceedings in Civ. No. 06-2041. Given the time granted by Judge Dominguez, this Court assumes that it was Rule 60(b), but it is not mentioned in either the pleadings or the final order, and is ultimately inconsequential for present purposes. Southwire Co. v. Ramallo Bros. Printing, Inc., Civ. No. 03-1100, 2009 U.S. Dist. LEXIS 116631 (D.P.R. Dec. 15, 2009).

Here, Judge Dominguez clearly dismissed without prejudice, and despite his refusal to reopen the proceedings, no amended judgment was ever issued changing the dismissal to a final adjudication on the merits, i.e. dismissal with prejudice. Accordingly, this Court must assume that Plaintiffs still possess the right to litigate liability for Flores' death. Therefore, Defendants' Motion to Dismiss on these grounds must be **DENIED**.

*Statute of Limitations*

Puerto Rico law establishes a one-year statute of limitations for tort claims. P.R. Laws Ann. Tit. 31, § 5298(2). The statute of limitations starts to run immediately after the injury takes place, or if a tortious injury is not immediately apparent, the period is tolled until a plaintiff gains knowledge of the same. Id. It also may be tolled either through a judicial, administrative, or extrajudicial claim, or the tortfeasor's acknowledgment of the debt. P.R. Laws Ann. tit. 31, § 5302. In the present case, Guadalupe and Universal were not brought as co-defendants until the current iteration of this controversy, which started nearly six-years ago. Guadalupe and Universal claim that there was no reason why they were not included earlier, and that as a result of Plaintiffs' tardiness they did not receive timely notification of the claim.

**CIVIL NO. 09-1982 (SEC)** **Page 6**

However, Defendants do not contest the timeliness of first claim against co-defendant Hogar Geobel. Nevertheless, Guadalupe and Universal still contend that the six-year delay in filing suit against them failed to provide them with sufficient notice, and thus the present claims against them are time-barred under Puerto Rico and federal law. Despite this assertion, the law governing these facts is pellucidly clear, and favors Plaintiffs.

The Complaint asserts that Defendants are joint and severally liable, which in Puerto Rico's substantive tort law, governed by the Civil Code, is described as the solidarity doctrine. Local case law establishes, "[t]he solidarity doctrine, rooted in Article 1874 of the Puerto Rico civil Code 'is based on the theory that there is one obligation, shared by several debtors' [. . . and in] such situations, 'the interruption of prescription against one defendant also interrupts the prescription of claims against any other defendants who are solidarily liable with the first.'" Rodriguez v. Suzuki Motor Corp., 570 F.3d 402, 407 (1st Cir. 2009). Therefore, a claim against one defendant who is jointly liable under local law interrupts the statute of limitations against all other jointly liable tortfeasors, because the act of interruption is seen as pertaining to a unitary obligation. Id. (citing Arroyo v. Hosp. La Concepcion, 130 P.R. Dec. 596, 606, 1992 Juris P.R. 66 (1992); P.R. Laws Ann. tit 31, § 5304); see also Eva Garcia-Perez v. Corporacion de Servicios Especializados para la Mujer y La Familia, etc., 2008 T.S.P.R. 114, 2008 P.R. Sup. Lexis 120 (2008)(affirming Arroyo).

Defendants have not sufficiently explained why the solidarity doctrine should not be applied to this case, and even if they had, such an analysis would be best reserved for summary judgment. Therefore, the Motion to Dismiss on timeliness grounds is also **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of January, 2010.

**CIVIL NO. 09-1982 (SEC)** **Page 7**

---

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
United States District Judge