**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

NELLY OCASIO-OCASIO, *et al.*

   Plaintiffs

v.

JESUS MANUEL GUADALUPE-
HERNANDEZ, *et al.*

   Defendants.

**Civil No. 09-1982 (SEC)**

**OPINION AND ORDER**

Before the Court is a motion for summary judgment filed by co-defendants, Jesus Manuel Guadelupe-Hernandez, Hogar Geobel Inc., and Universal Insurance Company (collectively, "Defendants") (Docket No. 18); the above-captioned plaintiffs' opposition thereto (Docket No. 28); and Defendants' reply (Docket No. 31). After reviewing the record and the applicable law, Defendants' Summary Judgment Motion is **DENIED.**

**Procedural and Factual Background**

As stated in a previous Opinion and Order (Docket No. 7), in 2003, Eduardo Flores-Garcia fell to his death while working at a construction project in a building owned by Guadalupe, and operated by Hogar Geobel.[1] Nelly Ocasio, wife of the deceased, brought this diversity action in her own capacity, and in representation of her minor children (collectively, "Plaintiffs"). Complaint, Docket No. 1.[2] Plaintiffs allege that Defendants' negligence

---

[1] Although not involved in these events, Universal apparently provided some type of casualty insurance to either Guadalupe or Hogar Geobel. Id. at ¶ 5.

[2] This case is the sequel to a controversy first brought before this district's attention in Ocasio-Ocasio v. Hogar Geoble, Inc., Civ. No. 06-2041 (D.P.R. 2009). In that occasion, Judge Dominguez

**CIVIL NO. 09-1982 (SEC)**                                                                                                                  **page 2 of 6**

contributed to Flores' death, "in particular by failing to provide [him] with adequate safety clothing, belts and hard hat; by not providing his work place with guardrails or safety nets or warning wires and by not adequately training him to deal with the hazards to which he was being exposed." Id. at ¶ 12.

On June 17, 2010, Defendants moved for summary judgment, arguing, in essence, that Guadalupe had no legal duty towards Flores, because he was not Guadalupe's employee. Docket No.18. Plaintiffs demurred arguing the exact opposite—e.g., that Guadalupe "had a duty to act since the moment [he]... knew of the existence of a hazardous condition within the premises." Docket No. 28, p.2. With leave of Court, Defendants filed a reply, but it merely restates Defendants' previous argument. Docket No. 31.

The relevant uncontested facts are simple. Guadalupe hired a contractor to make improvements to a two-story building he owned and used to operate Hogar Geobel, Guadalupe's wholly owned corporation. Docket No. 18, ¶¶ 1- 4. The contractor in turn hired Flores to work on the improvements. Id. at ¶ 5. Both Guadalupe and his contractor failed to obtain the requisite insurance under Puerto Rico's Workmen Compensation Act. Docket 28, ¶ 4.

Before Flores' fall, he worked on the building's rooftop for at least two weeks, but never used safety harnesses such as safety clothing, belts, or a hard hat. Docket 28, ¶¶ 2 & 3. Although Guadalupe and his contractor knew that Flores was not wearing safety equipment, they failed to require its use. Id. Moreover, neither Guadalupe nor his contractor installed guardrails or any other safety system around the rooftop. Docket No. 18, ¶ 9. Flores eventually fell from the rooftop to the ground, dying on impact. Id. at ¶ 10.

---

dismissed the case without prejudice, which eventually allowed Plaintiffs to file this case. An Opinion and Order issued in this case on February 11, 2010 recounts the details. Docket No. 7.

**CIVIL NO. 09-1982 (SEC)**                                                                                    page 3 of 6

### Standard of Review

The Court may grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ramírez Rodríguez v. Boehringer Ingelheim, 425 F.3d 67, 77 (1st Cir. 2005). In reaching such a determination, the Court may not weigh the evidence. Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668 (1st Cir. 1994). At this stage, the court examines the record in the "light most favorable to the nonmovant," and indulges all "reasonable inferences in that party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

Once the movant has averred that there is an absence of evidence to support the nonmoving party's case, the burden shifts to the nonmovant to establish the existence of at least one fact in issue that is both genuine and material. Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (citations omitted). "A factual issue is 'genuine' if 'it may reasonably be resolved in favor of either party and, therefore, requires the finder of fact to make 'a choice between the parties' differing versions of the truth at trial.'" DePoutout v. Raffaelly, 424 F.3d 112, 116 (1st Cir. 2005)(citing Garside, 895 F.2d at 48 (1st Cir. 1990)); see also SEC v. Ficken, 546 F.3d 45, 51 (1st Cir. 2008).

In order to defeat summary judgment, the opposing party may not rest on conclusory allegations, improbable inferences, and unsupported speculation. See Hadfield v. McDonough, 407 F.3d 11, 15 (1st Cir. 2005) (citing Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). Nor will "effusive rhetoric" and "optimistic surmise" suffice to establish a genuine issue of material fact. Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997). Once the party moving for summary judgment has established an absence of material facts in dispute,

**CIVIL NO. 09-1982 (SEC)**                                                                                            **page 4 of 6**

and that he or she is entitled to judgment as a matter of law, the "party opposing summary judgment must present definite, competent evidence to rebut the motion." Méndez-Laboy v. Abbot Lab., 424 F.3d 35, 37 (1st Cir. 2005) (citing Maldonado-Denis v. Castillo Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994)).

"The non-movant must 'produce specific facts, in suitable evidentiary form' sufficient to limn a trial-worthy issue. . . . Failure to do so allows the summary judgment engine to operate at full throttle." Id.; see also Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991) (warning that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence."); Medina-Muñoz, 896 F.2d at 8 (citing Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)) (holding that "[t]he evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a fact finder must resolve.").

**Applicable Law and Analysis**

A federal court sitting in a diversity case must apply the substantive law of the forum where the action is filed. Semtek Int'l. Inc. v. Lockheed Martin Corp., 531 U.S. 497, 498 (2001). Therefore, the applicable law to this case is that of the Commonwealth of Puerto Rico. The Puerto Rico Civil Code establishes that a "person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Laws Ann. tit. 31, § 5141. A claimant seeking relief under this article must establish "(1) a negligent act or omission, (2) damages, and (3) a causal relationship between them." Soc. Gananciales v. Padin Co., Inc., 117 D.P.R. 94, 17 P.R. Offic. Trans. 111 (1986).

Negligence by omission arises if two additional elements concur: (i) an omission is the proximate cause of the injury (the injury would have been avoided through an unperformed action); and (ii) a legal duty called for the performance of the unperformed action. Id. "[T]he

**CIVIL NO. 09-1982 (SEC)**                                                                 **page 5 of 6**

duty is defined by the general rule that one must act as would a prudent and reasonable person under similar circumstances." Vazquez-Filippetti v. Banco Polpular de Puerto Rico, 504 F.3d 43, 49 (1st Cir, 2007) (citing Ortiz v. Levitt & Sons of P.R., Inc., 1 P.R. Offic. Trans. 407, 101 D.P.R. 290 (1973). For such duty to come into play, however, a fact finder must determine that the so-called prudent and reasonable person would have foreseen the consequences of a given omission. Irvine v. Murad Skin Research Labs., Inc., 194 F.3d 313, 322 (1st Cir. 1999) (applying Puerto Rico law). In other words, to prevail under a theory of negligence by omission, a claimant must prove, by a preponderance of the evidence, that the omission complained of created a foreseeable risk that eventually produced injury. Vazquez-Filippetti, 504 F.3d at 49.

In the context of construction work, the aforementioned standard imposes on property owners certain minimum responsibilities. The Puerto Rico Supreme Court neatly summarized them in Pons-Anca v. Engebretson, 160 P.R.Dec. 347 (2003), a state tort-suit brought after a ladder workers were using to cut palm threes injured a passerby: "the employer responds for his own negligence when a given job entails risks that require especial precautions and the employer fails to require his contractor to take such precautions or fails to take them himself in some form." Id. at 359 (translation provided). Accordingly, because the work in Pons-Anca involved no risks requiring special precautionary measures, and because the property owner was unaware of the workers' negligent handling of the ladder, the Supreme Court found that the passerby had no cause of action against the property owner. Id. at 360-62.

In this case, the Court need not venture far into the uncontested facts to deny Defendants' summary judgment request; the facts that follow suffice. First, as stated above, it is undisputed that Flores used no safety equipment while working at Guadalupe's rooftop during the two-week period preceding his fall. Second, Guadulupe knew this but did nothing to stop it. Third, Guadulupe installed no safety equipment around his rooftop, nor required his contractor to do so. Finally, although not a fact stipulated by the parties, Guadalupe, as the construction site

**CIVIL NO. 09-1982 (SEC)** **page 6 of 6**

owner, obviously had complete and final authority over the way his contractor, and ultimately Flores, carried out the work there. Under this factual scenario, it is beyond peradventure that a jury could find that a reasonable person on Guadalupe's shoes could have foreseen the risk of Flores' fatal fall.[3] The height of Guadalupe's two-story rooftop coupled with the particular risks involved in high-elevation construction work—circumstances calling for special precautionary measures under the Pons-Anca analysis—buttresses the Court's conclusion. See also Jewelers Mut. Ins. Co. v. N. Barquet, Inc., 410 F.3d 2, 15 (1st Cir. 2005) ("[T]he issue of negligence is generally left to the jury, even where there are no undisputed material facts, at least in a tort context.").

Accordingly, Defendants' Summary Judgment Motion is **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21 day of December, 2010.

> *s/ Salvador E. Casellas*
> Salvador E. Casellas
> U.S. Senior District Judge

---

[3] Of course, the same jury would have to consider whether Flores' conduct was a contributing factor to both the accident and its fatal result.